UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**MICHAEL JOSEPH SCHUERMAN,**

    Plaintiff,

v.                                                                                   Case No. 2:22-cv-753-NPM

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## ORDER

Plaintiff Michael Joseph Schuerman seeks judicial review of a denial of Social Security disability benefits. The Commissioner of the Social Security Administration filed the transcript of the proceedings (Doc. 11),[1] Schuerman filed an opening brief (Doc. 19), the Commissioner responded (Doc. 22), and Schuerman replied (Doc. 23). As discussed in this opinion and order, the decision of the Commissioner is affirmed.

**I.   Eligibility for Disability Benefits and the Administration's Decision**

    **A.   Eligibility**

The Social Security Act and related regulations define disability as the inability to do any substantial gainful activity by reason of one or more medically determinable physical or mental impairments that can be expected to result in death

---

[1] Cited as "Tr." followed by the appropriate page number.

or that have lasted or can be expected to last for a continuous period of not less than twelve months.[2] Depending on its nature and severity, an impairment limits exertional abilities like walking or lifting, nonexertional abilities like seeing or hearing, tolerances for workplace conditions like noise or fumes, or aptitudes necessary to do most jobs such as using judgment or dealing with people.[3] And when functional limitations preclude both a return to past work and doing any other work sufficiently available in the national economy (or an impairment meets or equals the severity criteria for a disabling impairment as defined in the regulatory "Listing of Impairments"), the person is disabled for purposes of the Act.[4]

### B. Factual and procedural history

On February 17, 2020, Schuerman applied for disability insurance benefits. (Tr. 16, 199-202). He asserted an onset date of February 13, 2020, alleging disability due to the following: prostate cancer (malignant prostate gland neoplasm), anxiety, and arthritis. (Tr. 16, 79, 199-202, 265). As of the alleged onset date, Schuerman was 58 years old and had completed two years of college. (Tr. 13, 201, 266).

---

[2] *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3); 20 C.F.R. §§ 404.1505, 416.905.

[3] *See* 20 C.F.R. §§ 404.1513(a)(2)(i)-(iv) (discussing the various categories of work-related abilities), 416.913(a)(2)(i)(A)-(D) (same), 404.1522(b) (providing examples of abilities and aptitudes necessary to do most jobs), 416.922(b) (same), 404.1545(b)-(d) (discussing physical, mental, and other abilities that may be affected by an impairment), 416.945(b)-(d) (same), 404.1594(b)(4) (defining functional capacity to do basic work activities).

[4] *See* 20 C.F.R. §§ 404.1511, 416.911(a).

Schuerman previously worked as a cement mason, short-order cook, and a deli clerk. (Tr. 315).

On behalf of the administration, a state agency[5] reviewed and denied Schuerman's application initially on March 5, 2021, and upon reconsideration on October 19, 2021. (Tr. 100-115). At Schuerman's request, Administrative Law Judge (ALJ) Raymond Rogers held a hearing on February 7, 2022. (Tr. 40-77). On February 15, 2022, the ALJ issued an unfavorable decision finding Schuerman not disabled. (Tr. 13-34). Schuerman's timely request for review by the administration's Appeals Council was denied. (Tr. 1-4). Schuerman then brought the matter to this court, and the case is ripe for judicial review.

**C.   The ALJ's decision**

The ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). This five-step process determines:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in significant numbers in the national economy.

---

[5] In Florida, a federally funded state agency develops evidence and makes the initial determination whether a claimant is disabled. *See* 42 U.S.C. § 421(a); 20 C.F.R. §§ 404.1503(a), 416.903(a).

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (internal quotation omitted); *see also* 20 C.F.R. § 404.1520(a)(4).

The governing regulations provide that the Social Security Administration conducts this "administrative review process in an informal, non-adversarial manner." 20 C.F.R. § 404.900(b). Unlike judicial proceedings, Social Security Administration hearings "are inquisitorial rather than adversarial." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018) (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (plurality opinion)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id.* Indeed, "at the hearing stage, the commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id.* (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id.* (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

Nonetheless, while the claimant is relieved of the burden of production during step five as to whether there are enough jobs someone like the claimant can perform, the claimant otherwise has the burdens of production and persuasion throughout the process. *See* 20 C.F.R. § 404.1512 (providing that the claimant must prove

4

disability); *see also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (noting the regulations "place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work"). In short, the "overall burden of demonstrating the existence of a disability as defined by the Social Security Act unquestionably rests with the claimant." *Washington*, 906 F.3d at 1359 (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

At step one of the evaluation, the ALJ found Schuerman had not engaged in substantial gainful activity since February 13, 2020, the alleged onset date.[6] (Tr. 18). At step two, the ALJ characterized Schuerman's severe impairments as: degenerative disc disease of the lumbar and cervical spine; osteoarthritis of the right hand; left shoulder impingement; cubital tunnel syndrome; mild right foot drop; status post prostate cancer; chronic obstructive pulmonary disease (COPD); and pancreatitis. (Tr. 19). At step three, the ALJ determined Schuerman did not have an impairment or combination of impairments that met or medically equaled the severity of an agency-listed impairment. (Tr. 20).

As a predicate to step four, the ALJ arrived at the following RFC:

> [T]he claimant has the residual functional capacity to: lift and carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight hour workday; stand and/or walk for six hours in an eight hour workday; no operation of foot controls of the right lower extremity; occasional climbing of ramps or stairs, but no climbing ladders, ropes, or scaffolds; occasional

---

[6] The ALJ noted that Schuerman worked after the alleged disability onset date, but his work did not rise to the level of substantial gainful activity. (Tr. 18). Thus, the ALJ proceeded with the sequential disability-evaluation process.

5

balancing, stooping, kneeling, and crouching; no crawling; frequent overhead reaching with the left upper extremity; frequent handling and fingering; must avoid concentrated exposure to extreme cold except incidental; must avoid concentrated exposure to extreme heat except incidental; must avoid concentrated exposure to vibration; must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, or gases except incidental; and no exposure to hazardous machinery or unprotected heights.

(Tr. 23). Relying on a vocational expert's testimony, the ALJ found that Schuerman had past relevant work, including work as a "deli clerk." (Tr. 33). Finding no conflict between the RFC and the functional demands of this occupation as reported by the DOT and the vocational expert's testimony, the ALJ found Schuerman remained able to work as a deli clerk (DOT # 316.684-014, light, SVP 2)[7] as it is generally performed in the national economy. (Tr. 33).

Thus, for purposes of the Act, the ALJ concluded Schuerman was not disabled from February 13, 2020, the alleged onset date, through February 15, 2022, the date of decision. (Tr. 34).

## II. Analysis

The issue on appeal is whether substantial evidence supports the ALJ's determination that Schuerman's limitations did not preclude him from past relevant

---

[7] The DOT numbers refer to the *Dictionary of Occupational Titles* and its detailed explanations concerning each occupation's requirements. These descriptions include exertion and skill levels. Exertion refers to the work—in a purely physical sense—that the job requires, and it is divided into five categories: sedentary, light, medium, heavy, and very heavy. Skill refers to how long it takes to learn the job, and it is divided into three categories: unskilled, semiskilled, and skilled. The "SVP" (Specific Vocational Preparation) provides further subdivision of the three skill categories into nine levels: SVP 1 and 2 are unskilled; SVP 3 and 4 are semiskilled; and SVP 5 through 9 are skilled.

work as a deli clerk as it is generally performed in the national economy.

### A. Standard of review

The court "may not decide the facts anew, make credibility determinations, or reweigh the evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 997 F.3d 1127, 1132 (11th Cir. 2021). While the court must account for evidence both favorable and unfavorable to a disability finding and view the evidence as a whole, *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), the court's review of the administration's decision is limited to determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020) (quoting *Crawford*, 363 F.3d at 1158)).

"[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1157. In other words, a "presumption of validity attaches" to the ALJ's factual findings. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). And if supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of

fact, and even if the court finds that the evidence "preponderates against" the agency's decision. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1323 (11th Cir. 2020) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

> **B.  Substantial evidence supports the ALJ's finding that Schuerman could perform past relevant work as a deli clerk as it is generally performed**

Past relevant work is defined as "work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). And at the fourth step of the sequential evaluation, the burden lies with the claimant to show that he cannot return to his past relevant work as he actually performed it or as it is performed in the general economy. *See Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991); *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 830 (11th Cir. 2013); *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007); *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010). In fact, Social Security regulations "place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

Even though the burden lies with the claimant, the ALJ must consider all duties of the claimant's past relevant work and evaluate his ability to perform that work in spite of his impairments. *McCormick v. Soc. Sec. Admin., Comm'r*, 619 F.

8

App'x 855, 858 (11th Cir. 2015). So, when determining whether a claimant can perform past relevant work, the ALJ may consult vocational experts and the DOT, among other resources. 20 C.F.R. § 404.1560(b)(2).

Within these confines, the ALJ considered the RFC—that was consistent with a light exertional level—and the vocational expert's testimony when he determined that Schuerman could perform his past relevant work as a deli clerk as it is *generally* performed. (Tr. 33, 62-69). However, Schuerman claims that the ALJ erred in making this finding because the ALJ ignored contradictory testimony and evidence showing his limitations from pain and weakness in the hands would preclude him from "performing this exact job in the past." (Doc. 19 at 8). In particular, Schuerman argues that the ALJ "mischaracterized his work" by failing to "discuss the specifics of Plaintiff's experiences working as a deli clerk, instead simply noting Plaintiff worked at a Publix Supermarket." (Doc. 19 at 11).

But this argument ignores the fact that the ALJ did *not* find that Schuerman could perform the *specific job* he held in the past, which was characterized by the vocational expert as work performed at a medium exertional level. (Tr. 33, 62). Rather, the ALJ concluded that Schuerman could perform a deli-clerk position as it is generally performed in the national economy, i.e., at a light exertional level, despite having "problems using his hands." (Tr. 24, 48-49). This finding aligns with the step-four inquiry, which asks whether the claimant is able to perform his past

9

*kind* of work, and not whether he is able "to perform a *specific job* he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986) (emphasis added); *Long v. Acting Comm'r of the SSA*, 749 F. App'x 932, 934 (11th Cir. 2018).

Although Schuerman points to the ALJ's failure to specifically discuss his testimony that he could not perform his job as a deli clerk at Publix because his hands would "lock up"[8] (Tr. 55; Doc. 19 at 9), there is "no rigid requirement that the ALJ specifically refer to every piece of evidence so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." *Packer v. Comm'r, SSA*, 542 F. App'x 890, 891-892 (11th Cir. 2013) (per curiam) (internal citation omitted)). In this instance, there was no broad rejection by the ALJ.

With regard to Schuerman's hands, the ALJ noted that Schuerman reported "problems using his hands" and he considered medical evidence showing mild right-hand pain, a diagnoses of osteoarthritis in the right hand, cubital tunnel syndrome in both hands, mild to moderate bilateral carpel tunnel syndrome, and degeneration in the right wrist. (Tr. 24-33, 387, 823, 979). But the ALJ recalled that Schuerman underwent a successful right cubital tunnel release and right carpal tunnel release

---

[8] Schuerman testified that he eventually discontinued working at Publix's deli in 2020, not because of issues with his hands, but due to "pancreatitis" and "pancreatic issues." (Tr. 60-61).

10

surgery in October 2018, and reported that he was doing extremely well by December 2018. (Tr. 24-25, 365, 384). The ALJ also found the state agency medical consultants' opinions that Schuerman had mild hand pain, normal musculoskeletal range of motion, and no strength deficits in the upper extremities to be generally persuasive. (Tr. 32). Schuerman takes no issue with the ALJ's reliance on this evidence—a fatal flaw to his appeal.

The ALJ then assessed Schuerman's residual functional capacity. (Tr. 33). He concluded that Schuerman could engage in light work with certain exertional limitations, which included "frequent handling and fingering."[9] (Tr. 23, 33). In reaching this conclusion, the ALJ found that Schuerman's "statements concerning the intensity, persistence[,] and limiting effects of [his] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record" and that Schuerman's "extreme allegations of debilitating physical limitations were inconsistent with treatment notes." (Tr. 24). Indeed, despite Schuerman's subjective complaints of disabling pain—the record shows Schuerman was playing golf while drinking beer, working on a boat, and that he felt good staying active. (Tr. 24-27,

---

[9] The vocational expert confirmed that working a deli clerk position as it is generally performed would require "frequent" handling. (Tr. 64-65). Although Schuerman argues that certain evidence shows he is unable to perform frequent handling, he does not point to any contradictory opinion evidence suggesting that the RFC should have been limited to less than frequent handling. And the relevant inquiry is not whether some evidence might support greater limitations, but whether substantial evidence supports the ALJ's decision. *See Noble*, 963 F.3d at 1323. As discussed above, the ALJ considered the evidence as a whole and the court may not reweigh evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

29, 31, 57, 416, 590, 603, 818, 2810, 2816, 2835, 2843, 3053). In sum, substantial evidence supports the ALJ's conclusion that Schuerman could perform the job of deli clerk as it is generally performed in the national economy. So Schuerman has not shown that the ALJ erred at step four.

### III.  Conclusion

Upon consideration of the submissions of the parties and the administrative record, substantial evidence supports the ALJ's decision. Accordingly, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g), and the clerk is directed to enter judgment in the Commissioner's favor, terminate all scheduled events, and close the case.

**ORDERED** on March 22, 2024.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge